# SUMMONS
## WARREN COUNTY COURT OF COMMON PLEAS
### 500 JUSTICE DRIVE - P.O. BOX 238
### LEBANON, OHIO 45036

### CASE #  24CV098117

DAVID A FRAMPTON CO EXECUTOR OF THE ESTATE OF JANET FETTE, DECEA·

    VS

GOLD KERNAL LLC, ET. AL.

**TO THE FOLLOWING NAMED PARTY:**

    AMAZON.COM SERVICES INC
        AKA AMAZON.COM
        AKA AMAZON.COM SERVICES LLC
    CORPORATION SERVICE COMPANY
    222 JEFFERSON BLVD, STE 200
    WARWICK, RI 02888

You have been named in a complaint filed in this court by the following party:

    DAVID A FRAMPTON CO EXECUTOR OF THE ESTATE OF JANET FETTE, DECEA·

**You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff if he has no attorney of record, a copy of your answer to this complaint within twenty-eight (28) days after service of this summons upon you, excluding the date of service. Your answer must also be filed with our court within three days after the service of a copy of the answer on the plaintiff's attorney.**

Failure to appear and present a defense to this complaint will result in a judgment by default being rendered against you for the relief demanded in the complaint.

The address of his/her attorney is:

    MARK B. SMITH, ATTORNEY AT LAW
    1095 NIMITZVIEW DRIVE
    SUITE 403
    CINCINNATI, OH 45230

James L. Spaeth, Clerk of Courts
500 Justice Drive - P.O. Box 238
Lebanon, Ohio 45036

By: _____

ELIZABETH LEISZ, DEPUTY CLERK
November 05, 2024

IF THE ABOVE NAMED DEFENDANT IS A CORPORATION PLEASE REFER TO OHIO REVISED
CODE 4705.01.

EXHIBIT A

## IN THE COURT OF COMMON PLEAS
## WARREN COUNTY, OHIO

| | |
|---|---|
| **DAVID A. FRAMPTON** ) | Case No. **24CV98117** |
| **THOMAS P. FETTE** ) | |
| **Co-Executors of the Estate of** ) | |
| **Janet Fette, Deceased** ) | |
| **c/o    Mark B. Smith Co., L.P.A.** ) | |
| **1095 Nimitzview Dr., Ste. 403** ) | **Judge  TEPE** |
| **Cincinnati, OH 45230** ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | |
| **v.** ) | **COMPLAINT** |
| ) | (*Jury Demand Endorsed Hereon*) |
| **GOLD KERNAL, LLC** ) | |
| **dba/aka OasisSpace** ) | |
| **501 Silverside Road, Suite 105** ) | |
| **Wilmington, DE 19809** ) | |
| **Also Serve:** ) | |
| **Valis Group, Inc.** ) | |
| **501 Silverside Road, Suite 105** ) | |
| **Wilmington, DE 19809** ) | |
| ) | |
| ) | |
| **and** ) | |
| ) | |
| **AMAZON.COM SERVICES, INC.** ) | |
| **aka, Amazon.com Services, LLC** ) | |
| **and/or Amazon.com** ) | |
| **24300 Nandina Avenue** ) | |
| **Moreno Valley, CA 92551** ) | |
| **Also Serve:** ) | |
| **410 Terry Avenue, North** ) | |
| **Seattle, WA 98109** ) | |
| **-and-** ) | |
| **Corporation Service Company** ) | |
| **222 Jefferson Blvd., Ste. 200** ) | |
| **Warwick, RI 02888** ) | |
| ) | |
| **Defendants** ) | |

## THE PARTIES

1. Plaintiffs are Co-Executors of the Estate of Mrs. Janet Fette, who died at her home in Warren County, Ohio on October 18, 2023. Pursuant to Ohio's Product Liability act (Revised Code 2307.71, et seq.), and Ohio Common Law, Plaintiffs bring this action on behalf of the Estate, the children, and the other next of kin of Janet Fette.

2. Defendant Gold Kernal, LLC, dba/aka OasisSpace (hereinafter "GK-OasisSpace") is a company, product manufacturer and/or product supplier which, in the course of business conducted for profit:

   a) designed, formulated, produced, created, made, constructed, built and/or assembled the product in question, and/or;

   b) sold, distributed, leased, prepared, packaged, labeled, stored, shipped, controlled and/or otherwise participated in the placing of the product at issue into the stream of commerce.

3. Defendant Amazon.com Services, Inc., aka, Amazon.com Services, LLC and/or Amazon.com (hereinafter "Amazon") is a company, product manufacturer and/or product supplier which, in the course of business conducted for profit:

   a) designed, formulated, produced, created, made, constructed, built and/or assembled the product in question, and/or;

   b) sold, distributed, leased, prepared, packaged, labeled, stored, shipped, controlled and/or otherwise participated in the placing of the product at issue into the stream of commerce.

4. In this instance, Amazon marketed and sold the product in question through its "Fulfillment By Amazon" program, described by Amazon as follows:

Fulfillment by Amazon (FBA) is a program that lets you outsource order fulfillment to Amazon. It's part of a fully automated set services we call Supply Chain by Amazon. Sign up for FBA to send products to Amazon's global network of fulfillment centers and offer customers free, two-day shipping through Prime. When a customer makes a purchase, Amazon fulfillment specialists can pick, pack, and ship the order. We can also provide customer service and process returns for those orders.

The extent of Amazon's involvement with and control over products "fulfilled by Amazon" was recently reconfirmed through a July 29, 2024 Decision and Order of the United States Consumer Product Safety Commission (CPSC Docket No.: 21-2) in which the following was stated:

> From pricing and payment processing to packaging, delivery, and tracking on the front end to post-sale customer service, returns, refunds, and recalls on the back end, Amazon exerts extensive control over products sold through its Fulfilled by Amazon program.

Clearly, Amazon took control of, physically touched, possessed, and was otherwise intimately involved with, the placing of the product into the stream of commerce.

## FACTS COMMON TO ALL CLAIMS

5. Plaintiffs incorporate the previous paragraphs of this Complaint as if fully restated here.

6. On or about June 12, 2022, the family of Janet Fette purchased from Defendants the following "product," identified as an OasisSpace Bed Assist Rail, and further identifiable as Amazon.com order number: 111-4823363-2123438:



OasisSpace Bed Assist Rail - Bed Assist bar with Storage Pocket - Adjustable Bed Rails for Seniors, Elderly, Handicap - Assistance for Getting in & Out of Bed at Home - Fit King, Queen, Full, Twin
Sold by: Gold Kernal LLC
Return window closed on Jul 14, 2022
$58.99
Condition: New

Mrs. Fette was elderly, weak, and suffered from Parkinson's Disease with related dementia. As such, she needed assistance with transferring in and out of bed, and with remaining safely in bed. The Fette family used Defendants' product for those purposes – i.e., in the intended or reasonably foreseeable manner.

7. In the early morning hours of October 18, 2023, Mrs. Fette unconsciously moved to the side of her bed, and then rolled off. Defendants' product did not prevent Mrs. Fette from falling from her bed, or assist her in recovering from her position. Rather, the modest weight of Janet Fette's body caused Defendants' product to slide outward from the mattress, creating an entrapment hazard between the bed rail and the side of the mattress. Mrs. Fette was trapped, and could not free herself. Her neck, in particular, became constricted by Defendants' product and her mattress. For more than one hour, Mrs. Fette periodically struggled against her situation, but she could not overcome her age, weakness and dementia. The entire tragic event was captured on a home video camera, with the shocking images being discovered by family members days after their mother's death.

8. The entrapment hazards caused by cheaply made bed rails like Defendants' product were, or should have been, known to Defendants prior to Mrs. Fette's death. The United States Consumer Product Safety Commission ("CPSC") has identified at least 284 fatal incidents related to entrapment by Adult Portable Bed Rails ("APBRs") between January 2003 and December 2021. And substantially similar products have been recalled by other sellers due to the unreasonable entrapment hazards they create, including most recently: Drive DeVilbiss (12/06/2021); Essential Medical – Endurance (12/22/2021); Platinum Health – LumaRail (02/23/23); Vaunn Medical (03/09/2023); Medline (05/30/2024).

**Drive DeVilbiss Healthcare Recalls Adult Portable Bed Rails After Two Deaths; Entrapment and Asphyxiation Hazards**



Share:



**Name of Product:**
Bed Assist Handles and Bed Assist Rail

**Hazard:**
When attached to an adult's bed, users can become entrapped within the bed rail or between the rail and the side of the mattress. This poses a serious entrapment hazard and risk of death by asphyxiation.

**Remedy:**
Refund

**Recall Date:**
December 08, 2021

a.

   

**Name of Product:**
Endurance® Hand Bed Rails

**Hazard:**

When attached to an adult's bed, users can become entrapped within the bed rail or between the rail and the side of the mattress. This poses a serious entrapment hazard and risk of death by asphyxiation.

**Remedy:**
Refund

**Recall Date:**

b.    December 22, 2021

   

**Name of Product:**

LumaRail Bed Assist Rails

**Hazard:**

When the recalled bed rails are attached to an adult's bed, users can become entrapped within the bed rail or between the bed rail and the side of the mattress. This poses a serious entrapment hazard and risk of death by asphyxiation.

**Remedy:**

Replace

Repair

**Recall Date:**

February 23, 2023

c.

 

**Name of Product:**

Vaunn Medical Bed Assist Rail adult bed rails

**Hazard:**

When the recalled bed rails are attached to an adult's bed, users can become entrapped within the bed rail or between the bed rail and the side of the mattress. This poses a serious entrapment hazard and risk of death by asphyxiation.

**Remedy:**

Repair

**Recall Date:**

March 09, 2023

d.

e.

Name of Product:
Medline Bed Assist Bar adult bed rails

Hazard:
When the recalled bed rails are attached to an adult's bed, users can become entrapped within the bed rail or between the bed rail and the side of the mattress. This poses a serious entrapment hazard and risk of death by asphyxiation.

Remedy:
Refund

Recall Date:
May 30, 2024

At all relevant times, the risks posed by the product in question were "foreseeable" under O.R.C. 2307.71(A)(6). In fact, the risks were obvious and well-documented.

9.      Upon information and belief, at least through June 2024 Defendants continued to market and sell these defective and dangerous bed rails. They may still be doing so.

10.      As a direct and proximate result of the conduct of Defendants, Plaintiffs' decedent, Mrs. Janet Fette, suffered injuries and damages including:

a) Entrapment causing asphyxia due to compression of the neck;

b) Blunt force injuries to her neck, soft tissue hemorrhage and conjunctival petechia;

c) Pain, suffering, confusion, panic and severe emotional distress;

d) Premature death.

Mrs. Fette's right to recover for these harms survives her death, and belongs to her estate, pursuant to O.R.C. 2305.21.

11.      Mrs. Fette's children and next of kin sustained those damages included within Ohio's Wrongful Death Act, O.R.C. 2125.02, including but not limited to, severe emotional distress, mental anguish, grief, pain, and the loss of Mrs. Fette's society, companionship, consortium, care, assistance, attention, advice, guidance and counsel.

## **COUNT I - PRODUCT DEFECT**

12.      Plaintiffs incorporate the previous paragraphs of this Complaint as if fully restated here.

13. Defendants are liable to Plaintiffs as manufacturers of the product because they designed, formulated, produced, created, made, constructed, built and/or assembled the product. Defendants are also liable as manufacturers under one or more subsections of O.R.C. 2307.78(B), including but not limited to subsection (7), which imposes such liability when a supplier markets a product under its own label or trade name – here, "OasisSpace."

14. The product in question was defective in design or formulation, was defective due to inadequate warning or instruction, and was defective because it did not conform to representations made by Defendants. More specifically:

    a) The product was defective in design because, when it left the control of Defendants, the foreseeable risks associated with its design – most notably, entrapment – exceeded the benefits associated with that design, all as further described in O.R.C. 2307.75;

    b) The product was defective due to inadequate warning or instruction at the time of marketing, and thereafter, because when it left the control of Defendants, and thereafter, they knew or reasonably should have known about the risks associated with the product, and yet failed to provide reasonable warning or instruction to avoid or mitigate those risks, all as further described in O.R.C. 2307.76;

    c) The product did not conform, when it left the control of Defendants, to representations, specifically those as to safety, when used as intended, or in a reasonably foreseeable manner, all as further described in O.R.C. 2307.77.

15. The product was a proximate cause of the harm, injuries and damages referenced herein.

## COUNT II - SUPPLIER LIABILITY

16. Plaintiffs incorporate the previous paragraphs of this Complaint as if fully restated here.

17. Defendants are liable as product suppliers, pursuant to O.R.C. 2307.78, because:

a) they were negligent in the design, construction, marketing and sale of the product, with said negligence being a proximate cause of the harms, injuries and damages referenced herein;

b) the product did not conform, when it left the control of Defendants, to representations made by Defendants, and those representations and the failure to conform to them were a proximate cause of the harms, injuries and damages referenced herein;

c) Defendants marketed the product under their own trade name;

d) One or more other provisions of O.R.C. 2307.78(B) apply.

18. The product, and Defendants' negligence, was a proximate cause of the harm, injuries and damages referenced herein.

## COUNT III - DECLARATION OF NUISANCE AND ORDER TO RECALL

19. Plaintiffs incorporate the previous paragraphs of this Complaint as if fully restated here.

20. The continued marketing and sale of this and similar products places consumers at immediate and ongoing risk of injury and death, and constitutes a public nuisance.

21. This Honorable Court has the authority and duty to mitigate this public danger through appropriate orders.

22. In the interest of public safety and responsible business conduct, Plaintiffs ask that the Court declare the product to be a public nuisance, and order that it be immediately

recalled. Plaintiffs further ask that Defendants be required to fully refund all purchase costs, and account for all incidental expenses associated with a recall.

## COUNT IV - PUNITIVE DAMAGES

23. Plaintiffs incorporate the previous paragraphs of this Complaint as if fully restated here.

24. Clear and convincing evidence establishes Defendants' misconduct, rising to the level of flagrant disregard for the safety of persons who might be harmed by the product. Alternatively, Defendants acted with a conscious disregard for the rights and safety of their consumers, including Mrs. Janet Fette, and that disregard had a great probability of causing, and did in fact cause, substantial harm.

25. At the time they sold said product to Plaintiffs' family, Defendants knew, or with the slightest degree of care would have known, of the entrapment hazard it created, and of the likelihood that people like Janet Fette would be harmed or killed by their product.

26. Defendants continued – and may continue still – to manufacture, market, sell and distribute the product despite widely known and publicly available information establishing its inherent danger.

27. Defendants misconduct was a direct and proximate cause of the harms, injuries and damages referenced herein.

**WHEREFORE,** having stated their Complaint, Plaintiffs pray for judgment against Defendants, jointly and/or severally, in an amount in excess of Twenty Five Thousand Dollars ($25,000.00+), a declaration of nuisance and order to recall, punitive damages, interest, costs, attorney fees, and all other relief to which Plaintiffs may be entitled at law and equity.

/s/    *Mark Smith*

**Mark B. Smith (0014371)**
**Mark B. Smith Co., L.P.A.**
**1095 Nimitzview Dr., Ste 403**
**Cincinnati, Ohio 45230**
**513-287-7447**
**513-287-7444 (Fax)**
**mark@markbsmithlaw.com**
**Trial Attorney for Plaintiff**

**and**

/s/    *Peter J. O'Shea*

**Peter J. O'Shea (0086560)**
**Katz, Teller**
**255 E. Fifth Street, Ste. 2400**
**Cincinnati, Ohio 45202**
**513-721-4532**
**513-977-3401 (Fax)**
**poshea@katzteller.com**
**Trial Attorney for Plaintiff**

CERTIFIED COPY
JAMES L. SPAETH, CLERK
WARREN COUNTY, OHIO
COMMON PLEAS COURT

BY_____
DEPUTY

## JURY DEMAND

Plaintiffs demand a trial by jury.

/s/    *Mark Smith*

**Mark B. Smith (0014371)**
**Mark B. Smith Co., L.P.A.**

## PRAECIPE TO THE CLERK

Please serve the Defendants by CERTIFIED MAIL at EACH ADDRESS contained in the case caption.

/s/    *Mark Smith*

**Mark B. Smith (0014371)**
**Mark B. Smith Co., L.P.A.**



**CERTIFIED MAIL**

**JAMES L. SPAETH**
CLERK OF COURTS, WARREN COUNTY
P.O. BOX 238, LEBANON, OHIO    45036

7021 1970 0001 0077 7832

quadient
FIRST-CLASS MAIL
IMI
$010.99
11/06/2024  ZIP 45036
043M32206867

US POSTAGE

*Return Receipt Requested*

```
24CV098117                          11/5/24
AMAZON.COM SERVICES INC
AKA AMAZON.COM,AKA AMAZON.COM SERVICES
LLC
CORPORATION SERVICE COMPANY
222 JEFFERSON BLVD, STE 200
WARWICK, RI 02888
```